**Susan TILL, Plaintiff,**

**v.**

**LINCOLN NATIONAL LIFE,
INSURANCE COMPANY,
Defendant.**

**Civil Action No. 2:14–CV–721–WKW.**

United States District Court,
M.D. Alabama,
Northern Division.

Signed May 21, 2015.

Miles Clayborn Williams, Thomas O'Neal Sinclair, Sinclair Williams, LLC, Birmingham, AL, Patrick Lamont Hays, Jr, The Hays Law Firm, LLC, Greenville, AL, for Plaintiff.

Jason Allen Walters, Summer Austin Davis, Bradley Arant Boult Cummings, Birmingham, AL, for Defendant.

## ORDER

WALLACE CAPEL, JR., United States Magistrate Judge.

Before the court is Defendant's Motion for Protective Order Regarding Plaintiff's Discovery Requests (Doc. 25). Plaintiff has filed a response in opposition, which includes Plaintiff's own Motion to Strike Defendant's Discovery Objections and to Compel Defendant to Respond to Plaintiff's Interrogatories and Requests for Production (Doc. 28). Defendant has filed a response to Plaintiff's motion to strike and motion to compel (Doc. 33).

Defendant contends that, despite its best efforts to accommodate Plaintiff's requests for extensive discovery into matters which are not relevant in this litigation, it must seek protection from the court because Plaintiff continues to request production of, *inter alia*, "personnel files of every Lincoln employee involved in the evaluation of Plaintiff's claim for benefits and all testimony provided in the last five (5) years by any person involved in the claims and appeals process." Def.'s Mot. (Doc. 25). In her response in opposition to Defendant's motion, Plaintiff elucidates what appears to be the parties' fundamental disagreement about the scope of permissible discovery in ERISA cases, and argues that Defendant's repeated general and specific objections to her discovery requests should be stricken because De-

fendant has failed to "satisfy its burden to explain how these objections apply to each request and its failure to provide any information or explanation in support of these objections even to the point of ignoring [Plaintiff's] Counsel's repeated pleas[.]" Pl.'s Resp. (Doc. 29) at 8. Nevertheless, in an effort to "'move the ball,'" Plaintiff appears to narrow the issues in dispute by seeking "a ruling on specific discovery requests[.]" *Id.* at 4. Namely, Plaintiff seeks an order compelling Defendant to fully respond to Interrogatory Numbers Two, Eight, Nine, and Eleven, and Requests to Produce Numbers Three, Nine, Ten, and Fifteen. Following a brief summary of the law governing discovery in ERISA cases, the court will address each item of discovery identified by Plaintiff.

Judge DuBose of the Southern District of Alabama addressed the scope of discovery in ERISA cases as follows:

"Discovery in an ERISA disability case is permissible on a limited basis, with focus on the claim administrator's decision-making." *Ricard v. International Business Machines Corp.,* 2012 WL 1131996, *1 (M.D.Fla. Apr. 4, 2012). "Rule 26(b)(1) permits parties to a civil case to conduct discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party in the case. Like most discovery disputes, then, in this ERISA case, the scope of discovery will hinge on whether the discovery sought by the plaintiff is relevant to the 'claim or defense of any party.'" *Featherston [v. Metropolitan Life Ins. Co.],* 223 F.R.D. [647], 651 [ (N.D.Fla. 2004) ]. "The standard of review in an ERISA case will dictate what facts or evidence the plaintiff must prove in order to successfully claim an entitlement to benefits under the terms of an employee benefit plan. Therefore, the applicable standard of review will also shape the permissible scope of discovery in ERISA cases." *Id.* ERISA provides no standard for courts reviewing the benefits decisions of plan administrators or fiduciaries; thus, the Supreme Court established guidance for same in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) and *Metropolitan Life Ins. Co. v. Glenn,* 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). More recently, the Eleventh Circuit has reiterated a multi-step framework to guide lower courts when reviewing a plan administrator's benefits decision. This framework consists of the following "six-step expanded *Firestone*" test:

(1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

(2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining

whether an administrator's decision was arbitrary and capricious.

*Blankenship v. Metropolitan Life Ins. Co.,* 644 F.3d 1350, 1355 (11th Cir.2011) (citing *Capone v. Aetna Life Ins. Co.,* 592 F.3d 1189, 1195 (11th Cir.2010) and *Williams v. BellSouth Telecomms., Inc.,* 373 F.3d 1132, 1137 (11th Cir.2004), *overruled on other grounds by Doyle v. Liberty Life Assurance Co. of Boston,* 542 F.3d 1352 (11th Cir.2008)). All steps of the analysis are 'potentially at issue' where a plan vests discretion to the plan administrator to make benefits determinations. *See id.* at 1356 n. 7.

*Melech v. Life Ins. Co. of N. Am.,* 857 F.Supp.2d 1281, 1283–84 (S.D.Ala.2012).

■ Defendant acknowledges that a conflict of interest within the meaning of the above cited cases exists in this case. *See* Def.'s Mot. (Doc. 25) at 2; Def.'s Resp. (Doc. 33) at 3–4. In pertinent part, where such a conflict of interest exists, "it is appropriate to permit discovery related to the conflict of interest because if it is necessary for the court to consider that factor, the court must weigh the varying circumstances of its existence and extent." *Moore v. Metropolitan Life Ins. Co.,* 2011 WL 2559627, *5 (M.D.Ala.2011). Although this does not "mean unlimited discovery," *id.,* it entitles the party seeking to discovery to some inquiry into subject matters which may be beyond the scope of the administrative record which was utilized in rendering the claimant's decision. *See Harvey v. Standard Ins. Co.,* 787 F.Supp.2d 1287, 1292 (N.D.Ala.2011) (remarking, "if a conflict of interest is present . . ., then the plaintiff should not be limited to the Plan's assertion that any such conflict did not affect the claim decision"). In *Harvey,* for example, the district court permitted conflict-of-interest discovery into a litany of areas, including

whether the plan was or was not funded by stop-loss insurance or another policy, it was reimbursed by the employer for claims, whether a trust fund was established by the employer, whether any premium rebates were given to any employer based upon loss history, whether anyone other than the insurer played any role in making the decision to deny benefits, what financial incentives (if any) were awarded or available for claim denials and *vice versa,* what was the extent of the reviewing doctors' financial interest, did those doctors ever perform similar compensated reviews for claimants, and just how Standard handles, internally and externally, the conflict of interest and how that process affects Standard's financial bottom line.

*Id.* at 1292. Ultimately, in addition to those circumstances specifically articulated above, the court permitted discovery into "any other areas relating to [the insurer's] conflict of interest." *Id.*

Against this backdrop of relevant legal principles, the undersigned turns to each of the specific discovery requests for which Plaintiff seeks to compel a response.

## I. INTERROGATORY NUMBER TWO

Interrogatory Number Two requests the "name, address, title, and employer of all individuals involved in the evaluation and determination of the Plaintiff's right to benefits" and a "description of the activities undertaken by each individual with regard to the Plaintiff's claim for benefits." Pl.'s Resp. (Doc. 29) at 10. Although Defendant objected to the Interrogatory as "not reasonably calculated to lead to the discovery of admissible evidence," Defendant nevertheless has identified all of the individuals, and their titles, involved in the determination of Plaintiff's claim for benefits. *See id.* In addition, Defendant has produced "an organizational chart that evi-

dences the structure of Lincoln's claims and appeals department" and has further admitted "that the individuals who decided Plaintiff's claim for benefits were Lincoln employees." Def.'s Resp. (Doc. 33) at 4–5. Thus, Defendant maintains, the only information Defendant has withheld in discovery regarding Interrogatory Number Two is the address of the employees it has identified in response to the Interrogatory. *Id.* Defendant argues that "Plaintiff has failed to show why such information is discoverable in this ERISA case." *Id.*

Plaintiff's primary objective with this Interrogatory appears to be ascertaining whether any employers other than Lincoln supervised those persons involved in deciding Plaintiff's claim, and, most importantly, "the degree of control, if any, these different employing entities may exercise over one another." Pl.'s Resp. (Doc. 29) at 11.

In principle, given the above discussion of law concerning conflict-of-interest discovery in ERISA cases, the court finds that Plaintiff is entitled to the bulk of information she has requested in Interrogatory Number Two. However, considering the parties' representations about Interrogatory Number Two, it is difficult to discern precisely what remains in dispute between the parties regarding this Interrogatory. If Defendant is to be believed, it has disclosed all of the information sought by Plaintiff excepting the addresses of those persons it has represented were involved in Plaintiff's claim determination. Plaintiff appears unwilling to accept that Defendant has responded to the Interrogatory until the objections Defendant initially lodged are formally stricken.

At bottom, the court finds that Defendant's objections to this Interrogatory are due to be overruled and its request for a protective order denied as to this item of discovery. To the extent Defendant has not already responded to Interrogatory Number Two, Plaintiff's motion to compel such response will be granted.[1]

## II. INTERROGATORY NUMBER EIGHT

Interrogatory Number Eight requests the identification of "all of the databases used and/or maintained by [Lincoln] in the administration and adjudication of claims for benefits under" the relevant plan, including "any and all electronic databases used in the handling of any claims for benefits such as the Plaintiff's claim for benefits." Pl.'s Resp. (Doc. 29) at 12. Although Defendant objected to the Interrogatory as seeking irrelevant information beyond the administrative record, Defendant disclosed that "it uses a claims administration system called Docs[,]" and that its "records are stored electronically on its computer system." *Id.*

Plaintiff clarifies that she seeks "identification of *all* repositories having documents or information potentially relevant to Till's claims or Lincoln's defenses, not just the one of the several repositories (that being the Docs database) that Lincoln identifies." Pl.'s Resp. (Doc. 29) at 12. She does not seek, at this time, "the information or documents stored in" such databases until she is first able to learn about the existence of any such repositories. *Id.* at 12–13. Plaintiff does not cite any authority for the proposition that she is entitled to this item of discovery.[2] Defendant argues that

---

1. This grant of Plaintiff's motion to compel, however is qualified to the extent Plaintiff is seeking the home address of the employees identified by Defendant. Defendant is required to provide only any corporate or business address of the subject employees.

2. Plaintiff makes vague reference to "federal ESI rules" as requiring Defendant to respond

"Plaintiff has failed to explain why the identity of Lincoln's repositories and databases is in any way related to the core issue before the Court—whether the claims administrator abused its discretion when it denied Plaintiff's claim for benefits, based on the record before the claims administrator at the time[,]" and that "Plaintiff has not explained why she insists the names of the 'electronic databases' be provided, rather than simply requesting the documents she seeks." Def.'s Resp. (Doc. 33) at 5.

■ The court agrees with Defendant in this regard. Plaintiff has not explained why she needs to know the existence of all of Defendant's databases, or why a simple request for disclosure of all documents or information relevant to her claim is insufficient for purposes of discovery in this ERISA case. Nor has plaintiff explained, with citations to appropriate authority, why "federal ESI rules" require Defendant to disclose the existence of all databases it uses or maintains. Accordingly, with regard to Interrogatory Number Eight, Plaintiff's motion to compel will be denied and Defendant's motion for a protective order against such discovery will be granted.

## III. INTERROGATORY NUMBER NINE

Interrogatory Number Nine requests disclosure of "all reference materials used by or made available to Lincoln National employees for the assessment of the claims applicable to the Plan at issue." Pl.'s Resp. (Doc. 29) at 13. According to Plaintiff, this would include

a list of all electronic databases identified by the manner in which they are commonly referred to by the Lincoln

National's employees, all standards and guidelines to include identification of any claims manuals, customer care center claims manuals, disability guidelines (such as Lincoln National statements of 'best practices'), restrictions and limitations guidelines or standards, specifically detailing 'if applicable' the effective date or revision dates of said materials at the time of the Plaintiff's initial claim for benefits and at the time of the final denial of benefits.

*Id.* at 14. Defendant again objected to this Interrogatory as overly broad and seeking irrelevant information. *Id.* Nevertheless, Defendant represented that "all documents considered in determining Plaintiff's claims for benefits have been produced." *Id.*

Arguing that such information is relevant to the determination of whether Lincoln afforded Plaintiff a fair claim review pursuant to 29 U.S.C. § 1133, Plaintiff explains that this Interrogatory seeks "disclosure of those reference materials, instructional guides, and policies and procedures or internal regulations that Lincoln's claims personnel followed, or *should* have followed, during the administration of Till's benefits claims." *Id.* Defendant appears to contend that Plaintiff is not entitled to conduct discovery on the issue of whether such a fair review was provided because "Plaintiff has offered no reason for even suspecting that Lincoln did not provide a full and fair review." Def.'s Resp. (Doc. 33) at 6. Defendant does not endeavor to parse the many different items identified by Plaintiff as sought by this Interrogatory and offer individual reasons why specific items should not be subject to discovery.

to this interrogatory, but fails to state specifically which rule or rules require a response

and why. Pl.'s Resp. (Doc. 29) at 13.

■ The court finds that Plaintiff is entitled to obtain discovery necessary to examine whether Defendant's claims personnel followed all procedures and guidelines which should have been followed in order to assess whether Defendant provided Plaintiff with a fair review. *See Melech v. Life Ins. of N. Am.*, 857 F.Supp.2d 1281, 1285 (S.D.Ala.2012) (requiring defendant to produce, subject to protective order, defendant's entire "claims procedure manual" where plaintiff argued that "if its personnel ignored certain procedures that should have otherwise governed the claims process, [p]laintiff should be allowed to discover that to show that her claim was handled/decided improperly—*i.e.*, arbitrary and capricious because Defendant did not do what it should have done in deciding her claim"). As such, the court finds that Defendant's motion for protective order as to Interrogatory Number Nine should be denied, and Plaintiff's motion to compel granted.

## IV. INTERROGATORY NUMBER ELEVEN

Interrogatory Number Eleven seeks identification of

all computer documents and/or electronically maintained documents which are used and/or available to the employees which adjudicated and/or assisted in the management of the Plaintiff's claim, but not placed in the claims file, especially those documents that indicate the governing policies and procedures to be utilized in the administration/adjudication of the Plaintiff's claim.

Pl.'s Resp. (Doc. 29) at 15. Defendant again objected to production of such documents as irrelevant and beyond the scope of the administrative record in this case. *Id.* Defendant further represents that "all the documents considered by Lincoln in deciding Plaintiff's claim for benefits are contained in the administrative record." *Id.*

Plaintiff asserts that Interrogatory Number Eleven is necessary to "ascertain what documents Lincoln has in its possession that record or memorialize events that occurred in connection with Lincoln's handling of these claims but which Lincoln, for one reason or another, elected not to put in what Lincoln refers to as its 'claim file.'" *Id.* at 16. Plaintiff maintains that the claims file as currently constituted "includes evidence of Lincoln withholding documents from that file during the course of its administration of Till's claim, including correspondence sent to third-party contractors." *Id.* Plaintiff argues that identification of the documents sought by Interrogatory Number Eleven could provide evidence of Defendant's "arbitrariness and capriciousness" as well as "proof of procedural irregularities where Lincoln failed to consider or pursue information readily available to it during the claims process." *Id.* Defendant maintains that its representation that all documents considered by Defendant's employees are contained in the claims file satisfies Interrogatory Number Eleven, and that Plaintiff's apparent mistrust of such representation "is not grounds for a motion to compel." Def.'s Resp. (Doc. 33) at 8.

■ The court finds that Plaintiff's motion to compel is due to be granted with the qualification that she is entitled only to identification of such extra-record materials "that indicate the governing policies and procedures to be utilized in the administration/adjudication of the Plaintiff's claim." Otherwise, Interrogatory Number Eleven is too broad and vague, and the motion to compel a response is due to be denied except as set forth above.

## V. REQUESTS TO PRODUCE NUMBERS THREE, NINE, AND TEN

In her motion to compel, Plaintiff groups several of her Requests to Produce

together for purposes of analyzing her·entitlement to discovery and Defendant's objections ·to ·same. Request to Produce Number Three seeks documents describing how employees involved in deciding Plaintiff's claim are evaluated during the pendency of Plaintiff's claim, any quotas imposed on such employees as to the "number of claims to be handled per day or month by such employees during the pendency of Plaintiff's claim[,]" and "documents or information to be obtained during the handling of group claims, who to interview, how to investigate a group claim, what to include in written reports, and what documentation that needs to be created during the administration of a group claim." Pl.'s Resp. (Doc. 29) at 18. Request to Produce Number Nine seeks "all documents reflecting financial bonuses, incentives, stock options, honors, awards, or any other type of compensation program available to company personnel who at the time Plaintiff's claim was pending worked in the departments directly responsible for adjudication of or assessment of claims such as Plaintiff's." *Id.* at 18–19. Request to Produce Number Ten seeks "all documents concerning employee evaluations, including 'performance evaluations or appraisals' for all Your employees who handled or participated in the handling of the Plaintiff's claim and Your employees who supervised the aforesaid personnel." *Id.* ·at 19. Defendant objected to all of these Requests to Produce, arguing that all such requests are irrelevant and seek information beyond the administrative record, and that, furthermore, many of the business records sought are confidential or proprietary.

Plaintiff broadly asserts that she is entitled to this discovery because of the conflict of interest which exists in this case. She maintains that this information· will "identify what entity is actually compensating and evaluating the claims personnel involved in this case[,]"· and demonstrate "whether Lincoln's financial interests influenced those employees who closed Till's claim[,]" a circumstance she asserts she is required to show in order to prove that an abuse of discretion occurred in deciding her claim. *Id.* In other words, she argues that she needs the documents described in the Requests to Produce in order to "present *case-specific* evidence of *actual* motivation by an administrator's claims personnel to deny a claim for conflict-related reasons." *Id.* at 22. Defendant asserts that Plaintiff is not entitled to the documents she seeks because, in part, she has "no basis for asserting that the claims process was tainted by bias or unfairness." Def.'s Resp. (Doc. 33) at 8.

■ Upon consideration of the legal principles discussed above,.and of the parties' submissions in this case, the court finds that Plaintiff's motion to compel is due to be granted as to Request to Produce Number Three, but denied as to Numbers Nine and Ten. In making this ruling, the court accepts that Request to Produce Number Three is appropriately limited and seeks more general information about Defendant's processes and guidelines in claims handling and disposition.

Requests Numbers Nine and Ten, however, seek a variety of information which is both highly personal to the concerned employees and, more importantly, appears sufficiently addressed in the sworn declaration of Cindy Daly which was provided to Plaintiff during discovery. In the declaration, Ms. Daly unequivocally states that "Lincoln does not provide financial or other incentives to its employees to deny or close claims[,]" and that such employees are "paid fixed salaries and they may be eligible for an annual bonus" which is "based on the overall financial perform-

ance of Lincoln and its related entities for all areas of Lincoln's business." Decl. of Cindy Daly ¶ 4, ex. C to Def.'s Mot. (Doc. 25–3). Likewise, Ms. Daly states that medical consultants utilized by Defendant are independent contractors with no authority to make claims decisions, and that such contractors are not paid based upon "the content of the reports issued by consulting physicians." *Id.* at ¶ 5. Moreover, "outside vendors" utilized by Defendant to "select independent physicians to conduct reviews of claimants' medical records" or "conduct in-person examinations of claimants" are not compensated "based on the outcome of the physicians' review or examination[.]" *Id.* at ¶¶ 6, 10. Although, ordinarily, in a conflict-of-interest situation, "the plaintiff should not be limited to the Plan's assertion that any such conflict did not affect the claim decision[,]" *Harvey*, 787 F.Supp.2d at 1292, the court finds that Ms. Daly's declaration, rendered under penalty of perjury, is more substantive than a mere "representation" and that it sufficiently addresses the issue of whether compensation could have affected any decision maker's actions in this specific case to satisfy Plaintiff's limited right to conduct conflict-of-interest discovery in the area of employee compensation. Likewise, documents concerning employee evaluations are too attenuated to the limited purpose for which Plaintiff seeks them to compel Defendant to produce such documents. Certainly, considering the nature of some of the documents which Defendant is being compelled to produce with this Order, as well as Plaintiff's ability to depose those persons Defendant has identified as involved in the disposition of her claim, Plaintiff will have a sufficient basis to facilitate any further inquiry into whether a conflict of interest—as manifested in either compensation or employee evaluations—affected the outcome of her claim.

Accordingly, the court finds that Plaintiff's motion to compel is due to be granted as to Request to Produce Number Three, but denied as to Requests Numbers Nine and Ten. Defendant is entitled to the requested order protecting it from those discovery requests.

## VI. REQUEST TO PRODUCE NUMBER FIFTEEN

Request to Produce Number Fifteen seeks

those documents within Your possession, custody or control that pertain to the Plaintiff's claim for benefits, the Plaintiff's (or his [sic] employer's) application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file pertaining to the Plaintiff's claim or claims for benefits. This request includes any files pertaining to any other policies purchased by the Plaintiff or his [sic] employer.

Pl.'s Resp. (Doc. 29) at 26. Defendant objected to the Request as overly broad and irrelevant, and further asserted that it has already produced in the administrative record "the application documents, the underwriting documents, and the other policies issued to Plaintiff's employer[,]" and that it does not possess an independent medical examination file. *Id.*

Plaintiff only offers a cursory justification for the inclusion of this Request in her motion to compel. She asserts that the Request covers any document that should have been included in the ERISA record, and that she cannot rely upon Defendant's response that the ERISA record is complete because of the general character of Defendant's objections. *Id.*

The court finds that Defendant has sufficiently responded to this request for discovery, and that, to the extent Plaintiff indeed seeks documents not already pro-

vided to her, the request is too vague to warrant the relief Plaintiff seeks. Accordingly, Plaintiff's motion to compel a response to Request to Produce Number Fifteen is due to be denied and Defendant is entitled to protection from such discovery request.

## VII. CONCLUSION

For all of the reasons given above, it is

ORDERED as follows:

a. Plaintiff's Motion to Compel (Doc. 28) responses to her discovery requests is GRANTED as to Interrogatories Numbers Two, Nine, and Eleven, and Request to Produce Number Three, as qualified in the text of this Order, and DENIED as to Interrogatory Number Eight and Requests to Produce Numbers Nine, Ten, and Fifteen;

b. Defendant's Motion for Protective Order is GRANTED–IN–PART and DENIED–IN–PART, as further set out in the text of this Order;

c. Plaintiff's Motion to Strike (Doc. 28) Defendant's objections to her discovery requests is DENIED; and

d. Defendant shall file any motion for protective order seeking to preserve the confidentiality of any information required to be disclosed by this Order on or before May 28, 2015.